# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

| In re | Case No. 14-10608 |
|---|---|
| Aimee F. Barnaby<br>& Roy P. Barnaby, Jr., | Chapter 13 |
| Debtors | |

## ORDER GRANTING IN PART AND DENYING IN PART
## FINAL FEE APPLICATION OF MOLLEUR LAW OFFICE

Molleur Law Office filed the Final Application for Compensation dated September 23, 2019 [Dkt. No. 93] (the "Fee Application"). Notice of the hearing to consider the Fee Application was provided in accordance with the applicable provisions of the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and this Court's Local Rules. Despite the absence of timely objections or other responses, the Court conducted a hearing regarding the Fee Application on October 24, 2019.

The Fee Application is granted in part and denied in part on the terms set forth in this order. Molleur Law Office is awarded $2,313.50 as reasonable compensation for actual, necessary services rendered between April 29, 2019 and September 23, 2019, and $0.00 as reimbursement for actual, necessary expenses, for a total award of $2,313.50. This award reflects a reduction of $1,000.00 from the amount sought by the applicant. *See* 11 U.S.C. § 330(a)(2). This reduction is principally intended to disallow compensation for the unnecessary duplication of services that occurred throughout the case when multiple professionals touched the file and spent time getting acquainted with a case that was predominantly championed by a single lawyer and paralegal. At times, obtaining the insights or using the skillsets of other professionals may be both

reasonable and necessary. In this case, however, the effect of passing the file from professional to professional drove the total requested fees over an amount that is reasonable for a case of this complexity. See Berliner v. Pappalardo (In re Sullivan), 674 F.3d 65, 71 (1st Cir. 2012) ("A bankruptcy court's explanation of its fee award need not proceed line by line through the fee application" but need only provide enough detail to identify the basis for the award).

The sum of $2,313.50 awarded by this order plus the sum of $14,951.88 previously awarded to Molleur Law Office in this case represents reasonable compensation and reimbursement for counsel's services and expenses under 11 U.S.C. § 330(a)(1) and (a)(4)(B). Fees of $2,313.50 – and any fees previously awarded on an interim basis under 11 U.S.C. § 331 – are hereby awarded on a final basis under 11 U.S.C. § 330(a).

Date: October 30, 2019

Michael A. Fagone
United States Bankruptcy Judge
District of Maine